**WO**                                                                                              MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Lynn Robbins, | No. CV 12-8056-PCT-GMS (JFM) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Robin Lynn Robbins, who is represented by attorney Thomas A. Gorman, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the $5.00 filing fee. The Court will require an answer to the Petition.

## I.     Petition

Petitioner was convicted in Yavapai County Superior Court, case #CR-82005-0003, of four counts of second-degree murder, three counts of aggravated assault, and one count each of endangerment, criminal damage, possession of dangerous drugs, possession of drug paraphernalia, driving under the influence of methamphetamine and having been convicted within the past six months, and driving under the influence of methamphetamine. He was sentenced to a combination of concurrent and consecutive terms of imprisonment totaling 71.5 years' imprisonment.

In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief. He

1  claims his plea was involuntary because he received incompetent and incomplete advice

2  regarding the probable sentence.  He also asserts that there was not substantial evidence to

3  prove Petitioner "was guilty of second degree murder and aggravated assault based on his

4  mental health issues and several other intervening factors, which [Petitioner's trial counsel]

5  failed to investigate or present, which would have proven [Petitioner] innocent."

6        Petitioner asserts that he has presented these issues to the Arizona Court of Appeals.

7  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

8  **II.     Request for Complete State File**

9        In the Memorandum attached to his § 2254 Petition, Petitioner requests that the Court

10  require Respondent to provide a complete copy of the state record, including "transcripts,

11  exhibits and the ROA from both the trial court and all litigation in the Court of Appeals."

12  Petitioner also requests that the Court provide him with time to supplement his § 2254

13  Petition, if necessary, after he has been provided with a complete record.

14        Requiring Respondent to provide the entire state court record at this time is

15  unnecessary.  If the answer is limited to affirmative defenses, Respondent only need include

16  those portions of the record relevant to those defenses.  If the answer is not limited to

17  affirmative defenses, Respondent is required to fully comply with Rule 5 of the Rules

18  Governing Section 2254 Cases.  Although the Court can require Respondents, pursuant to

19  Rule 5(c), to provide "other parts" of the record, the Court will only consider doing so *after*

20  Respondent has provided those portions of the record Respondent considers relevant.

21        Thus, the Court will deny as premature Petitioner's request for a complete copy of the

22  state record.

23        **IT IS ORDERED:**

24        (1)     Petitioner's request that Respondent be required to provide a complete copy

25  of the state record (included in the Memorandum attached to Doc. 1) is **denied as**

26  **premature**.

27  . . . .

28  . . . .

**TERMPSREF**

- 2 -

1     (2)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order
2 on the Respondent and the Attorney General of the State of Arizona by certified mail
3 pursuant to Rule 4, Rules Governing Section 2254 Cases.

4     (3)    Respondents must answer the Petition within 40 days of the date of service.
5 Respondents must not file a dispositive motion in place of an answer but may file an answer
6 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
7 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
8 those portions of the record relevant to those defenses need be attached to the answer.
9 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
10 defense.  Day v. McDonough, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative
11 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
12 Governing Section 2254 Cases.

13     (4)    Petitioner may file a reply within 30 days from the date of service of the
14 answer.

15     (5)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules
16 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
17 recommendation.

18     DATED this 28th day of March, 2012.

19

20                    G. Murray Snow
21                  United States District Judge

22

23

24

25

26

27

28

TERMPSREF